UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24624-WILLIAMS/GOODMAN

Ashley Hardeman,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

_____/

# REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER §206(b)(1)

Plaintiff Ashley Hardeman filed a Motion for Attorney's Fees Pursuant to § 206(b)(1) ("Motion"). [ECF No. 26]. Plaintiff seeks $4,453.13 in attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b)(1). The Commissioner of Social Security ("Defendant" or "Commissioner") did not file a response to Plaintiff's motion, and the time to do so has passed. Therefore, this Motion is ripe for ruling.

United States District Judge Kathleen M. Williams referred this matter to the Undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Local Rules for a report and recommendation. [ECF No. 27]. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. Defendant filed a motion to remand the case, which the Court granted. [ECF Nos. 19; 21]. After Defendant's motion was granted, Plaintiff filed a motion requesting attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d). [ECF No. 23]. The Court granted her motion, awarding her $1,953.13. [ECF No. 25].

Plaintiff now files this Motion to request fees pursuant to § 206(b)(1). Defendant did not file a response but informed Plaintiff that Defendant "neither supports nor opposes counsel's request for 406(b) fees." [ECF No. 26, p. 7].

**II.    ANALYSIS**

### A. <u>Entitlement to Attorney's Fees under 42 U.S.C § 406</u>

Under the SSA, if "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Additionally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012) ("If an attorney receives attorney's fee[s] under both the

EAJA and section 406(b), he must refund the smaller fee to his client, but 'may choose to effectuate the refund by deducting the amount of an earlier EAJA award from [the] subsequent [section] 406(b) fee request.'" (internal citation omitted)).

Furthermore, unless the Commissioner can show that the Commissioner's position "was substantially justified or that special circumstances make an award unjust," the Court may award a prevailing plaintiff attorney's fees and expenses. *See* 28 U.S.C. § 2412(d)(1)(A). Here, Defendant did not file a response to Plaintiff's Motion and the time to do so has since passed.

Accordingly, Plaintiff is entitled to receive reasonable attorney's fees under 42 U.S.C. § 406(b) because the Court entered a judgment favorable to Plaintiff and Defendant did not object to Plaintiff's requested relief.

## B. Plaintiff's Requested Fee Award is Reasonable

Under the *Gisbrecht* method, the Court must ensure that any 42 U.S.C. § 406(b) request is consistent with the contingency fee agreement between Plaintiff and her attorney, and that the request is within the statutory maximum of 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 795–97. The attorney seeking a fee has the burden to prove that the fee request is reasonable, and then the "courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances." *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

In addition to considering the statutory limit of 25%, the Court may look at the terms of the contingency fee agreement, the record of hours spent, the complexity of the case, and the result of the litigation, to determine the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 808–09; *see generally Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (internal citation omitted) (holding that district courts must "provide concise but clear explanation of its award").

When an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), the Court can either "authorize the agency to pay the gross authorized fee to Petitioner and instruct Petitioner to then refund the EAJA fee amount to Plaintiff upon receipt of the agency's funds," or "order the disbursement of a net § 406(b) fee by authorizing the agency to pay the amount equivalent to the gross fee less an amount equal to (or, as here, greater than) the EAJA attorney fee)." [ECF No. 26, p. 3 (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)].

Here, instead of refunding the EAJA fees, Plaintiff asks the Court to subtract (or "net") the EAJA fees, so that the 406(b) amount awarded would be **$2,500.00**, representing the difference between the full 406(b) amount requested ($4,453.13)[1] and the amount of EAJA fees already received ($1,953.13). *Id*.

---

[1] This $4,452.13 amount takes into account Plaintiff's voluntary reduction of $5,570.85. [ECF No. 26, p. 4].

4

Here, Plaintiff's counsel is seeking **less than** 25% of Plaintiff's past due benefits ($40,095.92),[2] which is $4,453.13. Plaintiff contends that her request is merely 11.1% of the past-due benefits. *Id*. This request is consistent with the contingency fee agreement between Plaintiff and her counsel. [ECF No. 26-1]. The fee agreement states that "representation in a civil action in US Federal District Court ("Court") will not cost me more than 25% of the past due benefits for myself (including both me and my beneficiaries) paid from past due benefits." *Id*

Plaintiff's counsel expended 9.4 hours of time in this case. [ECF No. 26, p. 5]. The case included a 739-page Social Security Transcript [ECF No. 17]. Additionally, before Defendant filed the Motion for Remand [ECF No. 19], Defendant had denied Plaintiff's claim for SSA benefits *four* separate times. [ECF No. 26, p. 6].

Plaintiff's counsel has been practicing law since 2004 and primarily represents plaintiffs in social security actions. [ECF No. 26-4, ¶¶ 2; 5]. She is also an "[a]t Large Representative on the National Organization of Social Security Claimants' Representatives (NOSSCR) Board of Directors (2019-present) and a Sustaining Member of NOSSCR[,]" and regularly teaches legal education programs related to social security

---

[2] "Counsel has not received copies of any Notice(s) of Award in this matter." *Id*. at 2. However, based on the March 7, 2024 SSA correspondence [ECF No. 26-2], the SSA withheld $10,023.98 "represent[ing] 25 percent of the past-due benefits [.]" Plaintiff calculated the total amount of past due benefits by multiplying the 25% withheld ($10,023.98) by 4. [ECF No. 26, p. 3].

topics. *Id.* at ¶¶ 7–8. Further, *much* higher attorney's fees awards have been found to be reasonable under 42 U.S.C. § 406(b). *See* [ECF No. 26-4, pp. 2–3].[3]

Thus, considering the amount of time Plaintiff's counsel devoted to this case, the contingency fee agreement, the services performed, the adequacy and quality of the representation, Plaintiff's counsel's experience, and Defendant's lack of opposition, the Undersigned finds that the requested benefits are reasonable, within the 25% limit of past-due benefits awarded to Plaintiff, and are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808; *see also Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850-51 (11th Cir. 2020).

### III.   CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Motion [ECF No. 26] and award Plaintiff **$4,453.13**, in attorney's fees pursuant to 42 U.S.C. § 406(b) with instructions for the agency to process a "net" fee of **$2,500.00**. This sum should be paid directly to Plaintiff's counsel from past-due benefits currently being withheld by the Commissioner.

---

[3]   Plaintiff's counsel's declaration [ECF No. 26-4] lists cases where courts have found her fees to be reasonable pursuant to the SSA.

## IV. OBJECTIONS

The parties will have seven (7) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within seven (7) days of the objection.[4] Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, on March 28, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record

---

[4] The Undersigned shortened the deadline for Objections and Responses because Defendant did not oppose the Motion and it is highly unlikely that either side will file Objections.